### *Williams* and *Clark* vs. *Willson* and *Leonard.*

That the defendant may pray oyer of bond and plead generally, and conclude with a verification; though he need not do so.

That the omission of a nominative case does not vitiate, where the sense remains plain.

That plaintiffs may recover on indemnifying bond the money paid to the *amount* of the penalty, and interest on the same beyond the penalty.

That where the nature of the bond admits of but one assessment of damages, the seventy-ninth section of the statute must govern and not the ninety-ninth.]

THE defendants in error brought their action before the County Court upon a bond of indemnity, in the penal sum of four hundred dollars, spreading the whole bond and condition upon the record, and assigned two breaches, and special pleadings were presented which closed in demurrers; and the plaintiffs recovered; and the

defendants brought this writ of error {     Bennington, Feb. 1828.
to reverse that judgment. *In nullo* { *Williams et al.* vs. *Willson et al.*
*est erratum* pleaded.

Upon inspection of the record upon which errors are assigned, it appears, that, upon demurrer to the second assignment of the breaches in the plaintiffs' declaration, the same was adjudged against the plaintiffs, and was not now in controversy. The first assignment, after stating that the plaintiffs, having been bail for said *Williams*, had taken the present bond, signed by *Williams* and *Clark*, for their indemnity, proceeds as follows, to wit : " and now " the plaintiffs say that afterwards, to wit, at *Albany*, in the state of "*New York*, on the 23d day of February, 1826, the said plaintiffs "were obliged to, and did pay, to the president, directors and company "of the *Bank of Lansinburgh*, on the account of the said "*Hosea Williams*, aforesaid, and for the use and benefit of the said "*Hosea*, and as bail for the said *Hosea*, as, aforesaid, in the suit "aforesaid, the sum of four hundred and ten dollars and forty-sev- "en cents." The declaration then adds, that the defendants have not saved harmless, and have not paid the plaintiffs the said monies so by them paid, &c. by which said bond has become broken, &c. The defendants instead of traversing this breach, as they might regularly have done, and concluding to the country, prayed oyer of the bond and condition, and spread them at full length upon the record; and then pleaded a plea in bar to said breach, which after the introduction, is in the words following to wit : "because " they say that the said plaintiffs have not, from the time of the " making of the said writing obligatory, to the time of the com- " mencement of this action, or at any time hitherto, been in any " wise damnified by reason, or in consequence of, their having " become bail for the said *Hosea*, as aforesaid; and this they are " ready to verify, and pray judgment" &c.

To this plea the plaintiffs replied, assigning a breach nearly in the words used in assigning the same in the declaration, except the omission of the nominative case, thus : "the plaintiffs say that " after the making, &c. and before the commencement, &c. to wit, " on, &c. were damnified, &c. and did pay, &c." when they should have inserted the word *they* to have made the sentence perfect. This replication concludes with a verification.

Bennington, Feb. 1828.

*Williams et al.* vs. *Willson et al.*

To this the defendants demurred specially, assigning for cause, that there is no such action on the docket as this, entitled in the replication, which they term " *Wms. & Clark*." That it is not averred that the plaintiffs have been damnified, or paid any money.

That the replication does not follow the plea ; is multifarious &c. There was a joinder in demurrer.

Judgment was rendered for the plaintiffs, and now errors are assigned upon this record.

*Bennett* and *Aikin for the plaintiffs in error*. 1. In an action on a bond conditioned to save harmless, the general plea of *non damnificatus* is a correct plea.—1 *Saund. R.* 117, *note* 1.—1 *Bos. & Pul.* 638. *Cro. James*, 363.—14 *Johns. R.* 177.

2. The next question on the plea in the present case, and indeed the only question, is whether it is correctly concluded with a *verification*. It may be said that inasmuch as the breach was assigned in the declaration, there was a direct affirmative and negative, and, consequently, that the plea ought to have concluded to the country. But the question is not whether it would have been correct pleading to conclude to the country, but whether a conclusion with a verification is ill, after replication, and on general demurrer. We say that the conclusion with a verification is sanctioned by *all* the precedents.—*Story's Pl.* 246.—2 *Chitty*, 480, 481—1 *Lilly's Entries*, 124.—2 *Id.* 494.—5 *Wentworth's Pl.* 533, 534. By *stat.* 8 & 9 *Wm. III.* breaches are to be assigned on the record.—1 *Saund.* 58, *note* 1.—2 *Saund.* 187, *note* 2.—2 *Chitty* 153—and the practice has long prevailed to assign them in the declaration. Our statute (*Comp. Laws* 88,) is similar to the *English statute*. No distinction is hinted at in the books, in regard to the conclusion of the plea, whether the breaches are assigned in the declaration or not. In Chitty's precedents the breaches are assigned in the declaration ; yet his pleas conclude with a verification.—2 *Chitty*, 153, 480, 481. It is deemed of great importance to adhere to the precedents ; and deviations from general rules in pleading are frequently sanctioned, simply because so are the precedents. In many cases a conclusion either way is good.—2 *Wils. R.* 113.—2 *T. R.* 443, It does not follow, then, if a conclusion to the country would have been good,

that one with a verification is, there- }     Bennington, Feb. 1828.
fore, bad. In the next place we } *Williams et al.* vs. *Willson et al.*
say, that if the conclusion with a verification is ill, yet this is only
cause of special demurrer. By *Stat.* 4 *Anne*—1 *Bac. Ab.* 161,
a wrong or defective conclusion can only be objected to by spe-
cial demurrer.—1 *Chitty*, 540. Our statute, (*Comp. Laws,* 73,)
contains the substance of all the English statutes of amendment,
and seems to have been taken from that of *Anne,* and, as we con-
tend, is to have as broad and beneficial an operation as the En-
glish statute; besides, we say that the conclusion can, on princi-
ple, be regarded only as matter of form. *"Every thing shall be
said to be form, without which the right appears to the court."* 6
*Comyn's Digest,* 208. But if the plea was bad on general de-
murrer, on account of its conclusion, we say that the plaintiffs by
accepting the plea, and replying over, and not demurring, have
waived the exception.—6 *Comyn,* 140.—10 *Mass. R.* 226.—
11 *Mass. R.* 119.

3. The plaintiffs' replication is clearly bad. The causes as-
signed for demurrer are conclusive—especially as it is not averred
that the plaintiffs were damnified, or had paid any monies.

4. It is assigned for error that judgment was rendered for $26,
67 cents, damages, over and above the penalty of the bond. The
plaintiffs in error contend that a bond, conditioned to save harm-
less, is a security only to the amount of the penalty, and that in an
action on such bond, the plaintiff is entitled only to the amount of
the penalty.—2 *Bur. R.* 824.—*Doug.* 49.—6 *T. R.* 303.—2
*Black. R.* 1190.—3 *Brown's Ch. R.* 48–496. We apprehend
the seeming inconsistency in the cases may be reconciled by this
rule. Where upon breach of the condition, the damages are en-
tirely uncertain, as in bonds of indemnity, the amount of the pen-
alty is, by consent of the parties, made the extent of the damages,
(and under the statute judgment is rendered for the damages;)
but where, upon breach of the condition, the penalty becomes a
debt due from the obligor to the obligee, there, interest on the
penalty may be allowed by way of damages for the detention.—1
*Saund.* 58, *note* 1.

5. It is further assigned for error, that judgment was rendered
upon the pleadings for the penal sum of the bond, *as debt, and in-*

*terest thereon*, as damages.   The demurrer to the replication, we contend, did not admit the amount of the damnification—the precise amount there stated was, not a material traversable fact.   Notwithstanding the demurrer, we contend that the defendants below were entitled to a hearing in damages—and without an assessment of damages, the plaintiffs below were entitled to but a nominal sum.   By our statute, (*Comp. Laws*, 88,) breaches are to be assigned &c.—and damages assessed on the breaches assigned, and execution is to issue, for such damages.   The judgment for the penalty remains as a security for further breaches.   And though the breaches are assigned in the present case in the declaration, and the defendants' plea is adjudged insufficient, yet, we say, damages are to be assessed and execution is to issue, for the damages.

*Mr. Sheldon, for the defendant in error, contended*, 1. That the declaration is sufficient and good.   2. That the plea in bar is bad—and any kind of answer is sufficient for a bad plea.   3. A general demurrer will reach the declaration.—3 *Ver. R.* 316. But wherever a general demurrer would reach the declaration, any special demurrer to any of the subsequent pleadings cannot reach the declaration.—3 *Ver. R.* 332.   4. That the court can render judgment for a sum beyond the amount of the sum stated in the contract, or penalty.   In an action on bond, damages may be recovered for more than the penalty.—2 *T. R.* 388.—10 *Mass.* 230.—4 *Dallas*, 149.   Interest, in damages, may be recovered beyond principal, against the surety on bond.—1 *Mass. R.* 308. 5. When judgment is rendered according to law, on default or demurrer, the court have full power to assess damages, and in no case can any advantage be taken, *without motion made by the party claiming the chancery*, either by the court or jury.—*Rev. Laws* 73, *s.* 54.—*Id. p.* 79 *s.* 75.—1 *Chip.* 247.   The same doctrine is recognized in other states.—*Yelv.* 152, *a. note* 3.

HUTCHINSON J. delivered the opinion of the court.   In disposing of the several questions raised in argument, we may notice that the defendants' plea is not a direct denial of the assignment of the breach in the declaration, as the counsel seemed to suppose in argument, but is a general plea of *non damnificatus*, framed

according to the forms in the books,  $\}$      Bennington, Feb. 1828. .
and calling upon the plaintiffs for  $\}$  *Williams et al.* vs. *Willson et al.*
a new assignment in their replication.      It certainly would have
been better for the defendants to have traversed directly, and
avoided the prolixity in the pleadings which now appears, yet we
find no instance in which such a plea as the present has been ad-
judged bad.     The defendant may always feel it his duty to pray
oyer of the bond and condition for the purpose of knowing wheth-
er it is truly described, and, if it is not truly described in the dec-
laration, he may plead to it as it is, and might be injured by plea-
ding to it as the plaintiffs describe it.    But if on oyer, he finds it
truly described, he may save labor by traversing directly.
Yet the precedents referred to by the plaintiffs in error, support
their mode of pleading in the present case.    If the plea is gener-
al, calling for a new assignment, such plea must conclude with a
*verification,*

The assignment of errors attacks the declaration: but no objec-
tion to that is raised in argument, nor do we discover it to be de-
fective.     And we are disposed to support the plea of the original
defendants. This leads to the question, whether the plaintiffs re-
plication, or new assignment, is good and sufficient? whether it can
stand against a special demurrer?    The objection that there is no
such action on the docket, having reference to the contracted
mode of writing the names, Williams and Clark, does not exist in
the record recited in the writ of error.     That recital is, "and
now the plaintiffs in reply to the first plea,"&c.   . This can mean
no other than the plaintiffs' in the action, to be affected by the
writ of error.    This disposes of that objection.

The only objection to the replication of any substance is the
omission to express the nominative case to the verb *damnified,* to
which is coupled the word *pay.*    This would be natural, and
might be elegant in *Latin* ; but in *English,* it is clearly a defect,
that careful reading will discover ; yet it is impossible for any two
to read the replication, and differ in their construction of the sense
and meaning.    The plea is, "that the plaintiffs ought to be barred,
because they have not been damnified."    The replication is,
"that the plaintiffs, by reason of any thing in said plea contained,
ought not to be barred, because they say that, after, &c. were

Bennington, Feb. 1828    } damnified, in consequence of be
Williams et al. vs. Willson et al. } coming bail for the said Hosea, as
aforesaid, were then and there obliged to, and did pay on account
of the said Hosea, and for his benefit, and as bail as aforesaid, in
the suit aforesaid mentioned, the sum of four hundred and ten dol-
lars and forty seven cents ; and were damnified by said payment,
according to the true intent and meaning of the condition of said
writing obligatory." This replication is drawn in reference to
the same subject matter, before recited in the declaration, in the
oyer and in the plea ; and the reference too plain to be misunder-
stood. When, to supply the elipsis, we ask, who were damnified ?
who were obliged to pay ? who paid ? every person reading must
answer, *the plaintiffs.* A trifling misspelling of a word might tend
more to create uncertainty, than this omission does in the present
case. We do not think that justice requires a reversal of the
judgment for a defect so minute, and which so little affects the
sense, and creates so little obscurity as this under consideration.
In the construction of contracts, when the word *not* is wrongly in-
serted or omitted, if the sense is yet manifest upon the whole sen-
tence taken together, it is construed according to that sense, with-
out regard to the mistake. The cases in 1 *Ld. Raym.* 145.—2
*Id.* 899 *and* 1156, support this opinion of the court. We
pass to the error assigned in relation to the form of entering the
judgment of the County Court. The judgment is, that the plaintiffs
recover four hundred dollars debt, together with $26 67 damages,
and their cost in and about said suit expended, taxed at $18 81.

Now, it is contended by the plaintiffs in error, that the law will
not admit such a judgment as this upon the bond in question.
First, it appears to be for the penalty, and for damages beyond the
penalty. Second, it does not appear that the damages have been
assessed according to the statute. The court do not hesitate at
all to decide, that a decision for the original plaintiffs upon the plea-
dings in the case, does not establish the amount of damages.
Though the breach assigned is the payment of a sum beyond the
penalty, yet the defendants might contest the sum due, either on
motion to chancer, or on a request to have the damages assessed
by the jury ; neither of which, however, appear in this case. Nor
does it appear for what sum execution was ordered or issued.
Nor does it appear that judgment for the penalty was ordered to
stand as security for any future breach of the condition.

The plaintiffs in error seem to suppose that judgment was rendered, as it was in form, for the penalty and interest, but in reality for the amount of payments, equal to the penalty of the bond, and interest upon the same beyond the penalty ; which they say is incorrect ; and they cite 1 *Saund.* 58, *note,* to show that the obligee cannot recover more damages against the obligor, than the amount of the penalty ; for the bond ascertains the extent of the damages by consent of parties, &c. and, though he sustain damage far beyond, yet he can recover only to the extent of the penalty. This is laid down as a general rule, applying to cases where the nature of the condition furnishes no criterion for the amount of damage, by mere computation of the monies paid, and interest, but requires an assessment by the jury of the value of services done or neglected, or things alike uncertain in themselves. This must be the intention ; for the same author, in the same note, proceeds, and lays down a doctrine much more applicable to the present case, if the damages allowed were, as may well be supposed, for money actually paid and interest on the same. He says, "but cases may sometimes occur, where the obligee may recover more than the penalty of the bond ; as, where by the breach of the condition, the penalty becomes a real debt due from the obligor to the obligee, and is admitted by the obligor to be so ; in these cases, it is against justice and conscience for the obligor to withhold the payment of the penalty from the obligee when demanded ; but if by any contrivance, he does in fact withhold payment, upon what principle of law, or honesty, are a jury not to give the obligee interest by way of damages for the detention of the debt in this case, as well as in the case of bills of exchange, or promissory notes, or the like, where interest is always given when payment is refused ?"

Bennington Feb. 1828.

*Williams et al.* vs. *Wilson et al.*

Now, whether the obligor admits the penalty to be a real debt, as suggested by the above authority, or the obligee prove a payment of money, according to the condition of the bond, to the full amount of the penalty, makes no difference in the reason or law of the case. And we entertain no doubt but that the original plaintiffs were entitled to recover for monies actually paid to the amount of the penalty, and interest on the same, as damages, though that exceed the penalty. And, whether it is entered as debt and

**LL**

Bonnington, Feb. 1828.   } damages, or as damages alone, does
*Williams et al.* vs. *Willson et al.* } not much affect the rights of the par-
ties, otherwise than as they are bound to conform to the requsitions
of the law with regard to the form, as well as the amount of the
judgment.

At common law, the judgment upon a bond with condition,
when a breach is acertained, must be for the penalty ; and the ob-
ligor was driven to his bill in chancery to diminish the sum accor-
ding to equity.    The statute of 8 and 9 *Will.* III. has made
provision for the whole to be settled at law, and extends to all cases
where money is to be paid, or convenants to be performed, at dif-
erent times ; and *Saunders* says, in said note, that it was meant
for such cases.

Our statute, *(sec.* 99, *p.* 88,*)* makes a similar provision, whereby
the obligee may assign as many breaches as exist ; and recover for
what he can prove ; and judgment must be entered for the penal-
ty, and stand as security for any future breaches, to be assigned
in a *scire facias* ; and execution is to issue for such sum as the ju-
ry assess in damages, together with cost.    Difficulties are now
suggested upon the supposition that this 99*th sec.* should govern the
case in question.    This probably is not correct.    The same stat-
ute contains provisions  suited to cases of suits upon bonds, upon
which there can be but one breach, nor but one recovery, and
where there can be no object for the judgment for the penalty to
stand as the foundation for a *scire facias.*    Such are jail bonds ;
and all bonds conditioned for the payment of a single sum of mon-
ey ; or performing a single service, or duty.    *See sec.* 75, *p.* 79 *of
stat.* where it is provided that "in all cases, brought before the
County or Supreme Courts, to recover the forfeiture annexed to
any articles of agreement, covenant, bond, bond of recognizance,
with condition thereunto annexed, where the forfeiture, breach,
or non-performance shall appear by a verdict of a jury, or by the
default or confession of the defendant, or upon demurrer, the
courts respectively, before which  the action is pending, are au-
thorised to moderate the rigor of the  law, and render judgment
therein for the plaintiff to recover so much as is due according to
equity and good conscience, and award execution accordingly ;
and, when the sum for which the judgment should be rendered,

is uncertain, the same shall, on the ⎰    Bennington, Feb. 1828.
request of either party, be asses- ⎱ *Williams et al. vs. Willson et al.*
sed by a jury." It is obvious by this section, that, in cases
that fall within it, the jury have nothing to do with the assessment
of damages, unless there is a request for it from one of the par-
ties; and that request should be in writing, and filed in the action;
and when so filed, has as full an effect to take the case from
the court to the jury, as the joining of an issue to the jury in the
regular course of pleading. It is equally obvious that this pro-
vision is made in favor of the obligor, and to save him the neces-
sity of applying to a court of Chancery to reduce the sum; and
the application to the court of law for the same object, should
come from the defendant. And if judgment is rendered for the
obligee on demurrer, as in this case, and the obligor makes no
motion to have the sum reduced, he must not complain of er-
ror in the court, if they render judgment for the full debt. And
in such case, if the obligor has neglected the relief the statute
gives him, and injustice has been done him, he may still have re-
lief in chancery; but it is no error, in such a case, for the court
to enter up judgment for the amount of the penalty as debt. But
the plaintiffs may choose to take judgment only for the sum ac-
tually due, as is usually done in suits upon jail bonds, and the
judgment is rendered accordingly. For aught that appears in the
present case, the judgment for the penalty as debt is regular, and
the sum of $26,67 was the sum unceremoniously assessed as
damages, with the assent of the original plaintiffs, and that execu-
tion was intended for that sum and cost only. If so, and execu-
tion has issued for any larger sum wrongfully, the parties have
their remedy by motion in the same court to set aside the execu-
tion as having issued irregularly.

Again, as the court clearly had a right to enter up the judg-
ment, and hear evidence, and ascertain the sum actually due,
nothing appears in the case but that the court found that, at a giv-
en period, the original plaintiffs had to pay, and paid a sum equal
to the penalty, and considered the penalty as a debt from that
time really due; and according to the authority cited, and as the
law would be, aside from the statute, rendered judgment for the
penalty as the actual debt, and for the interest as damages. And

Bennington Feb. 1828. ⎱ in either case, the defendant could
Williams et al vs. Willson et al. ⎰ not be injured.

The judgment of the court is, that *there is no error*, and that the judgment of the county court be affirmed.

*Bennett* and *Aikin*, for plaintiffs in error.

*Sheldon*, for defendants in error.