A. J. MARVIN v. WILLIAM H. BELL.*

*Bond.   Penalty.   Judgment.   Execution.   Damages.*

A condition in a bond not to do certain acts specified therein, (as in this case not to engage in the business of slaughtering cattle, etc., and retailing fresh meat in a certain town,) is in legal effect and operation a stipulation not to do such acts, and the doing of them is a breach of the condition.

An action to recover the penalty in such bond comes within the provisions of section 65 of chapter 30 of the General Statutes, though there be no agreement, other than the condition of the bond, not to do the acts therein specified; and the court should render judgment for the full amount of the bond and issue execution for such damages only as are proved, leaving the remainder, if any, as security for any injury that may result from future breaches, to be made available by way of *scire facias* on such judgment as provided for in section 67.

DEBT on bond.   Plea, the general issue.   Trial by jury, April term, 1867, WILSON, J., presiding.

The plaintiff offered the bond declared on.   Its execution was admitted by the defendant, and the bond was read to the jury without objection.   The plaintiff introduced testimony tending to show several breaches of the bond between the date of it and the commencement of this suit.

The defendant's testimony tended to show the contrary.

The plaintiff offered to show breaches of the bond which occurred after the suit was commenced, and claimed he was entitled to recover prospective damages, to which testimony the defendant objected, and it was excluded by the court, to which the plaintiff excepted.   Verdict for the plaintiff for $125.83 damages, and his costs.

* Heard at the January term, 1868.

The court rendered judgment for the whole penalty of the bond, and ordered that execution issue only for the damages assessed by the jury.

To the decision of the court that judgment be rendered for the whole penalty, the defendant excepted.

The amount of the bond was $500. The conditions were as follows : " that if the above named and bounden William H. Bell shall not hereafter, in the village of Swanton aforesaid, in any way conduct or carry on the business of slaughtering hogs, cattle or sheep, and shall not hereafter in said town of Swanton in any way conduct, carry on or be engaged in the business of retailing fresh meat, excepting in all cases that said William H. Bell is to have the privilege of buying, cutting up and salting down pork, and of selling, at retail or otherwise, the head, feet and throat-lights, then this obligation to be void, otherwise of force."

This bond was duly executed.

*Dewey & Noble*, for the defendant.

. The judgment rendered by the court below is applicable only to cases where a party has entered into a covenant or agreement in writing, and has secured the performance of that covenant or agreement by bond or penalty.

*Burt & Hall* and *H. S. Royce*, for the plaintiff.

The court decided correctly that the plaintiff was entitled to judgment for the whole penalty of the bond. Section 63, page 270, of the General Statutes, which the defendant insists should govern this case, applies only to cases where there can be but one breach and one recovery. *Williams et al.* v. *Willson et al.*, 1 Vt., 266 ; *Johnson* v. *Smith*, 2 Root, 414 ; 7 Met., 116.

The opinion of the court was delivered by

PIERPOINT, C. J. The exceptions show that both parties excepted to decisions of the court below, but the plaintiff having waived his exceptions upon the record, the case comes here upon the defendant's exceptions alone ; and the only question raised is as to the correctness of the action of the court in rendering judgment for the whole penalty of the bond declared upon, and ordering that execution issue only for the damages assessed by the jury.

The defendant insists that the judgment for the whole penalty was erroneous, because it does not appear that there was any agreement on the part of the defendant not to do the acts specified in the condition of the bond, aside from the bond itself, and that such an agreement is necessary to bring the case within section 65 of chapter 30 of the General Statutes, which provides for such a judgment. The language of the section is: " In all actions on bond, or for any penal sum for the non-performance of covenants, agreements, in any condition, indenture, deed or writing, contained, the plaintiff may assign as many breaches as he chooses, and the damages shall be assessed for such breaches as the plaintiff shall prove, and the court shall render judgment for the whole penalty, and execution shall issue for so much only as shall have been found in damages, with costs."

The legislature in this section seem to have reference to two classes of actions. First, actions on bond, second, actions for the recovery of any penal sum for the non-performance of covenants, agreements, etc. If this be the true construction of the statute, it relieves this case from all question, as it comes within the express terms of the statute. But if it be construed as having reference to actions on bond to recover a penalty for the non-performance of covenants or agreements in any condition, etc., contained, we still think the case comes within this section. The condition of the bond is, in its legal effect and operation, a stipulation that he will not do the acts named in the condition; he binds himself not to do those acts, and the doing of those acts is a breach of the condition. This, we think, is just the kind of agreement that the legislature refers to as those that may be contained in any condition. To confine the operation of this section to cases where the bond is taken to secure a compliance with the terms of some separate agreement in writing, would in a large proportion of cases deprive the parties of the remedy and benefit which it was intended to confer, and would compel courts and juries to allow recoveries for the whole penalty, when the damage was in fact less, because, as there could be no recovery for future breaches, it would be the only way of affording to the obligee in the bond the security which the bond was intended to give to him.

39

The legislature, in section 65, evidently refer to the same kind of bonds, covenants, agreements, etc., as are referred to in section 63, the object being to confer upon the courts the power to render such a judgment as shall be just and equitable between the parties, and mitigate the rigor of the common law in respect to penal bonds. Under section 63, when the condition of the bond is such that a single breach of the condition will do all the injury to the obligee that he can sustain by reason of its breach, or when the trial develops such a state of facts as show that no further injury will be sustained by any future breaches, the court will render a judgment for such damages as the party has sustained; and then there can be no further recovery upon the bond, and no necessity for it.

Under section 65, when the nature of the conditions is such that the breaches and the injury resulting therefrom may be continuous, from day to day or time to time, if an action is brought on the bond, the recovery can be only for the damage resulting from prior breaches. This affords no security against future breaches, and gives no indemnity for the injury resulting therefrom. In such case, this section gives the court power to render a judgment for the full amount of the bond, and issue execution for so much only as shall have been found in damages, leaving the remainder, if any, as security for any injury that may result from further breaches, to be made available by way of a *scire facias* on such judgment, as provided for in section 67. (See 1 Vt., 266.)

As the bond in this case is one of the latter class, the county court was clearly correct in proceeding in the manner prescribed in section 65.

Judgment of the county court is affirmed.