IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1905.

---

UNITED STATES OF AMERICA, TO THE USE OF SAYRE &
FISHER COMPANY, v. RICHARD A. GRIEFEN AND THE
UNITED STATES FIDELITY AND GUARANTEE COM-
PANY.

Submitted December 5, 1904—Decided April 13, 1905.

1. The filing, by a defendant, of a demurrer to a declaration, is a
waiver by him of all objections to the jurisdiction of the court
over his person.
2. By virtue of the provisions of "An act concerning obligations,"
when one of the defendants, in a suit against joint debtors, is
brought into court, the plaintiff is entitled to proceed to judgment
against all of the defendants named in the process.
3. An act of congress provides that suits brought under it shall be
prosecuted only in courts which are authorized to require proper
security for costs in case judgment is for the defendant. *Held*,
that the bringing of an action under that statute, in the Supreme
Court, is a tender by the plaintiff of his willingness to furnish
such security, provided he is directed by the court to do so; and
that, under such circumstances, the court is authorized to require
security for costs from him.

On demurrer of the United States Fidelity and Guarantee Company to the plaintiff's declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the demurrant, *Alan H. Strong.*

*Contra,* J. *Kearny Rice.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action upon a bond given by the defendant Griefen, who was the contractor building the government post-office in New Brunswick, as principal, and the Fidelity and Guarantee Company, as surety, to the United States, to secure to laborers and materialmen payments due them for work done or materials furnished upon the building.

The commencement of the declaration recites that the summons was served upon the defendant the United States Fidelity and Guarantee Company by giving and delivering a true copy thereof to Thomas K. Johnston, deputy commissioner of banking and insurance, at the office of the commissioner of banking and insurance, at the state house, in the city of Trenton, and at the same time handing him $2 for the service fee; and that it was returned "not found" as to the defendant Griefen. The first ground upon which the demurrer is rested is that, in an action upon a joint obligation, only a joint judgment can be rendered; and that a joint judgment cannot be rendered in this case because one of the defendants (Griefen) was not served with process at all, and that jurisdiction was not properly acquired over the other defendant, the Fidelity and Guarantee Company. The subject of the validity of the service of process upon the latter defendant has already undergone consideration by this court on a motion to set aside the service of the summons (*United States* v. *Griefen,* 41 *Vroom* 123), and its legality has been upheld. We see no reason to doubt the soundness of the

conclusion we then expressed. But even were that conclusion erroneous, it would not avail the demurrant now. A demurrer is an appearance in the cause (*New Jersey* v. *New York*, 6 *Pet.* 323), and by filing it a defendant waives all objections to the jurisdiction of the court over his person. *Ogdensburg, &c., Railroad Co.* v. *Vermont, &c., Railroad Co.*, 63 *N. Y.* 176, 181; *Handy* v. *Insurance Co.*, 37 *Ohio St.* 366; *Rowland* v. *Coyne*, 55 *Cal.* 1; *Thompson* v. *Benefit Association*, 52 *Mich.* 522. One of the defendants being properly in court, the plaintiff is entitled to proceed to judgment against both the joint debtors by virtue of the provisions of section 2 of the act concerning obligations. *Gen. Stat.*, p. 2336.

The first ground of the demurrer is without merit.

The second ground of demurrer challenges the jurisdiction of the court over the subject-matter of the litigation. It appears from the allegations of the declaration that the bond upon which the action is brought was given in compliance with the requirements of the federal statute of August 13th, 1895, entitled "An act for the protection of persons furnishing materials and labor for the construction of public buildings." This statute—after enacting that any person entering into a contract with the United States for the construction of any public work shall execute a bond with sufficient sureties, conditioned to promptly make payments to any persons supplying him with labor and materials in the prosecution of such work, and empowering any person supplying labor or material on such work, who has not been paid therefor, to bring suit upon the bond in the name of the United States for his own use—provides that the action shall be prosecuted only in a court which is authorized to require proper security for costs in case judgment is for the defendant. The contention on the part of the demurrant is that this court has no power to require the Sayre & Fisher Company, for whose benefit this suit is brought, to give security for costs to the defendants, because that company, as appears on the face of the declaration, is a domestic corporation, and that therefore this court is not one of those in which the federal statute

authorizes the bond to be prosecuted. How far the power of this court extends to compel a resident plaintiff to furnish a defendant with security for his costs appears to be an open question. That it exists, in some cases at least, is declared in the case of *State Bank* v. *Evans, 2 Gr.* 298, and again in the case of *Ootheal* ads. *Moorehouse,* 1 *Zab.* 335. So far as our decisions show, however, it has never been exercised against an unwilling plaintiff in an action upon contract. But in the present case the court is not called upon to exercise the power against the plaintiff *in invilum.* By bringing their action here the plaintiffs, by necessary implication, tender themselves willing to furnish proper security for costs in case judgment shall be for the defendants, provided they are directed by the court to do so. That this court is authorized to require security for costs from a plaintiff under such circumstances we do not doubt.

The plaintiffs are entitled to judgment upon the demurrer.