UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF
THE STANSTEAD GRANITE QUARRIES COMPANY,
LIMITED, *v.* THE UNITED STATES FIDELITY
AND GUARANTY COMPANY.

January Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and
POWERS, JJ.

Opinion filed February 21, 1906.

*Contractors' Bonds—Action on—Federal Statutes—Security
for Costs—Power of Court to Require—Jurisdiction of
State Courts — Actions on Bonds—Debt—Covenant—
Scope of V. S. 1184-1187.*

The federal statute of August 13, 1894, entitled, "An Act for the protection of persons furnishing material and labor for the construction of public works," requiring contractors for governmental work
to give bonds to the United States, conditioned both for the performance of the contract, and for the prompt payment of all persons supplying labor or materials in the prosecution of the work,
and providing that such laborers or materialmen, in case of nonpayment, "shall have a right of action" on such bonds, "and shall
be authorized to bring suit in the name of the United States for
his or their use and benefit against said contractor and sureties,"
does not confer a remedy, but gives to such laborers and materialmen only *rights* of action, leaving them to enforce those rights
under the laws and practice of the states where the suits are
brought.

Said Act authorizes suits on such bonds in the name of the United
States for the benefit of such unpaid laborers or materialmen,
"provided, that in such case the court in which such action is
brought is authorized to require proper surety for costs in case
judgment is for the defendant." *Held*, that our county courts have
inherent power to require such security to be given.

A suit on a bond given in conformity with the requirements of said
Act, instituted by, and for the benefit of, a person having so furnished material, is properly brought in the name of the United

States, although it may have no interest in the subject-matter; for the legal interest in an independent contract under seal is in the covenantee, notwithstanding it is for another's benefit, or to be performed to another person.

The condition in a bond, given in conformity with the requirements of said Act, that the principals "shall promptly make payment to all persons supplying them labor or materials in the prosecution of the work contemplated by said contract," constitutes a covenant, for the breach of which the common law action of covenant may be maintained in this State.

Because of the provisions of said Act, said covenant is several, and although it does not *name* the "persons" referred to, each person who has furnished the contractors labor or material for which he has not been paid is entitled to the benefit of said covenant, and may severally maintain the common law action of covenant thereon.

This common law action of covenant, which each unpaid laborer or materialman is entitled to maintain on said condition of a bond given under said Act, is not controlled by the provisions of V. S. 1184-1187, relative to actions on penal bonds.

The purpose of V. S. 1185-1187, relative to actions on penal bonds, is to relieve defendants in actions of debt on bonds from having to resort to a court of equity to reduce the sum recovered from the amount of the penalty of the bond to the amount of damages actually proved.

V. S. 1184-1187, in reference to actions on bonds, does not furnish a remedy to the exclusion of an action at common law.

V. S. 1184-1187 is adapted to cases where there is only one obligee in the bond, or several obligees having joint rights, but not to cases where the rights of the obligees are entirely independent of each other.

COVENANT on a contractor's bond given in conformity to the Act of Congress of August 13, 1894. Heard on demurrer to the declaration at the September Term, 1904, Orleans County, *Rowell,* J., presiding. Demurrer overruled, *pro forma,* and declaration adjudged sufficient. The defendant excepted. In the bond, after naming the penal sum, follows the

clause, "for the payment of which, well and truly to be made to the United States, we bind ourselves, our heirs," etc.

*J. W. Redmond* for the defendant.

This bond is in the nature of an official bond. The United States is in no way interested, and therefore, the action can be maintained only in the federal courts. *U. S.* v. *Sheridan,* 119 Fed. 236; *Pickering* v. *Fisk,* 6 Vt. 102; *Judge of Probate* v. *Hibbard,* 44 Vt. 597; *Karr* v. *Peter,* 60 Ill. App. 209; *King* v. *Cochran,* 72 Vt. 107; *Murtey* v. *Allen,* 71 Vt. 377; *Newell* v. *Fisher,* 24 Miss. 392; *Yearver* v. *Wallace,* 44 Pa. St. 294; High, Receivers, § 220.

The federal statute merely gives a remedy; it does not give a *cause* of action. Congress cannot dictate to the state courts in respect of remedies. *Bumpas* v. *Taggart,* 7 Am. Rep. 623; *Duffy* v. *Hobson,* 40 Cal. 240, 6 Am. Rep. 617; *Bennett* v. *Morris,* (Cal.) 37 Pac. Rep. 929; *Latham* v. *Smith,* 45 Ill. 29; *Craig* v. *Dimock,* 47 Ill. 309; *Bunker* v. *Green,* 48 Ill. 243; *U. S. Exp. Co.* v. *Haines,* 48 Ill. 248; *Bowen* v. *Byrne,* 45 Ill. 467; *Pargoud* v. *Richardson,* 30 La. Ann. 1286; *Davis* v. *Richardson,* 45 Miss. 499, 7 Am. Rep. 732; *More* v. *Clymer,* 12 Mo. App. 11; *Shultz* v. *Hemdon,* 32 Tex. 390; *Jacobs* v. *Spofford,* 34 Tex. 153; *Knox* v. *Rossi,* 48 L. R. A. 305.

Covenant does not lie on the words of a penal bond, when such words are inserted by way of condition or defeasance. 5 Cyc. 812; *U. S.* v. *Brown,* Fed. Cas. No. 14670; *Summers* v. *Watson,* Fed. Cas. No. 13605; *State* v. *Woodward,* 8 Mo. 353; *Powell* v. *Clark,* 3 N. J. L. 110; *Huddle* v. *Worthington,* 1 Ohio 423; *Abrams* v. *Kounts,* 4 Ohio 214; *Clark* v. *Murphy,* 1 Mo. 114.

*F. E. Alfred* and *W. W. Miles* for the plaintiff.

The state courts have jurisdiction of this action.  *U. S.* v. *Rundle,* 100 Fed. 400; *Wisconsin Tr. Co.* v. *Robinson etc. Co.,* 68 Fed. 778; *Hooven et al.* v. *Featherstone,* 111 Fed. 81; *Carnegie etc. Co.* v. *Hulbert,* 70 Fed. 209; *Howard* v. *U. S., 184* U. S. 676; *Blackburn* v. *Portland etc. Co.,* 175 U. S. 571; *Chambers* v. *Harrington,* 111 U. S. 350, 28 L. Ed. 452.

The federal statute creates a right of action in behalf of the unpaid laborer or materialman.  *U. S.* v. *Henderlong,* 102 Fed. 2; *Mullin* v. *U. S.,* 109 Fed. 817; *U. S.* v. *Hegaman et al.,* (Pa.) 54 Atl. 344; *U. S.* v. *Fidelity & Deposit Co.,* 83 N. Y. 752; *Am. Surety Co.* v. *U. S.,* 77 Ill. App. 106; *Maryland* v. *Baldwin,* 112 U. S. 490; *Teall* v. *Felton,* 1 N. Y. 537; 1 Kent's Com. 395; *Claflin* v. *Houseman,* 93 U. S. 130; *Gilbert* v. *Priest,* 8 Nat. Bank, Reg. 159.

Covenant is the proper action.  *Douglass* v. *Hennessy,* 15 R. I. 272; 2 Cyc. 1023-4; *Kennedy* v. *Kennedy,* 2 Bibb. 464; *Stickney* v. *Sargent,* 21 N. H. 61; *Astley* v. *Weldon,* 2 Bos. & Pul. 345; *Robinson* v. *Bland,* 2 Burr. 1085; *Bird* v. *Randall,* 3 Burr. 1351; *Harrison* v. *Wright,* 13 East. 347; *Dick* v. *Gaskill,* 2 Wheat. 184; 1 Chitty's Pl. 118; *Lowe* v. *Newsham Peers.,* 4 Burr. 2225; *Outtoun* v. *Dublin,* 72 Md. 536, 20 Atl. 134; *New Holland Turnpike Co.* v. *Lancaster Co.,* 71 Pa. St. 442; *Lee et al.* v. *State,* 22 Ark. 231; *McLaughlin* v. *Hutchins,* 3 Ark. 207; *Taylor* v. *Wilson,* 5 Iredell, N.C.) 214; *Ewing* v. *Gordon,* 49 N. H. 444; *Randall* v. *Lynch,* 12 East. 179; *Sedon* v. *Senate,* 13 East 63; *Martin* v. *Taylor,* 1 Wash. C. C. 1; *Graham* v. *Bickham,* 4 Dall. 149; *Perkins* v. *Lyman,* 11 Mass. 76; 3 Enc. Pl. & Pr. 1070.

TYLER, J.  The declaration is in covenant, in three counts, upon a bond given by Conners Brothers as principals and the defendant as surety, to the United States, relating to a

certain contract made by Conners Bros. with the Secretary of the Treasury by which they were to construct a federal building at Newport in this State. The bond is recited and the condition thereof is as follows:

"Whereas the said Conners Bros. have entered into a certain contract, hereto attached, with L. M. Shaw, Secretary of the Treasury acting for and in behalf of the United States, bearing date September 15, 1902: NOW if the said Conners Bros. shall well and truly fulfill all the covenants and conditions of said contract, and shall perform all the undertakings therein stipulated by them to be performed, and shall well and truly comply with and fulfill the conditions thereof, and perform all the work and furnish all the labor and materials required thereby, * * * and shall promptly make payment to all persons supplying them labor or materials in the prosecution of the work contemplated by said contract, then this obligation to be void, otherwise to remain in full force and virtue."

It is alleged in the first count that, by the terms of the contract, Conners Bros. covenanted and agreed with the United States to furnish all the labor and materials and perform all the work required in the construction of the building; and that the defendant, in and by said bond, covenanted that Conners Bros. should promptly make payment to all persons who furnished them with labor or material in the prosecution of the work contemplated by the contract; that the Granite Quarries Co., at Conners Bros.' request, furnished a large amount of granite for said building. The breach alleged is that Conners Bros. have not paid the Granite Quarries Co. for material furnished by it for said building, at Conners Bros.' request, and that they have not paid the penal sum named in the bond.

29

It is alleged that the suit is brought and prosecuted under and by virtue of the provisions of an Act of Congress, entitled: "An Act for the protection of persons furnishing material and labor for the construction of public works," approved August 13, 1894, which reads: "Any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, * * * , shall be required before commencing such work to execute the usual penal bond with good and sufficient sureties with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract; and any person or persons making application therefor and furnishing affidavit to the department under which the work is being or has been prosecuted, that labor or material for the prosecution of such work has been supplied by him or them and that payment for the same has not been made, shall be furnished with a certified copy of said contract and bond upon which said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the United States for his or their use and benefit against said contractor and sureties and to prosecute the same to final judgment and execution; provided, that such action and its prosecution shall involve the United States in no expense; provided that in such case the court in which said action is brought is authorized to require proper security for costs in case judgment is for the defendant."

The case comes here upon a demurrer to the declaration. The defendant contends that this statute creates no *cause* of action; that it only affords a *remedy* for the classes of persons named in the Act; that the cause of action is that given by the

common law for labor or materials furnished the contractors at their request; that the United States has no interest in the subject-matter of the controversy and therefore cannot be a party plaintiff; that Congress cannot dictate remedies to state courts; that remedies are governed by the *lex fori;* that Congress has no more authority to legislate concerning remedies in state courts than it has in relation to the rules of evidence in those courts; that this power is not incidental to the power of the United States to make contracts for the construction of public buildings; that the Act constitutes general legislation for the benefit of certain classes of persons and that it must be presumed that Congress did not intend that these persons should seek to enforce their remedies in state courts.

The defendant also contends that the words, "Shall promptly make payment," etc., do not constitute a covenant; that they are inserted merely for the purpose of showing, in connection with the other conditions, the terms on which the obligors could discharge themselves from the obligation of the bond.

Both state and federal courts, in various jurisdictions, have so many times construed this and similar statutes, that it cannot now be doubted that it was the intention of Congress to leave questions like the one at bar for the decision of state courts. *United States, to the use of Nichola Bros. Co., v. Hegeman,* 54 Atl. R. 344, (Penn.); *American Surety Co. v. United States, for the use and benefit of Alexander Watt,* 77 Ill. App. 106; *Sayer & Fisher Co. v. Greifen,* 60 Atl., 513, (N. J.); *United States v. Churchyard,* 132 Fed. 88, C. C. Dist. R. I.

A sentence from the opinion of Mr. Justice Bradley in *Claflin v. Houseman,* 93 U. S. 130, 23 Law. ed. 833, is in point: Rights, he says, whether legal or equitable, acquired

under the laws of the United States, may be prosecuted in the United States Courts, or in the state courts competent to decide rights of the like character and class, subject, however, to this qualification, that where a right arises under a law of the United States, Congress may, if it sees fit, give to the federal courts exclusive jurisdiction.   The fact that a state court derives its existence and functions from the state laws is no reason why it should not afford relief; because it is also subject to the laws of the United States, and is just as much bound to recognize these as operative within the state as it is to recognize the state laws.   The two together form one system of jurisprudence, which constitutes the law of the land for the state; and the courts of the two juristictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent.   See also notes to *Teal* v. *Felton,* 49 Am. Dec. 352.

It it well settled that while Congress might, in its discretion, have given exclusive jurisdiction of this class of actions to federal courts, and required that they should be, in respect to citizenship and amount in controversy, within the requirements of the judiciary act, it did not restrict the jurisdiction to those courts.

The plaintiff relies upon what it claims to be an express covenant in the bond, that Conners Bros., "Shall promptly make payment," etc.   It was not necessary that persons should have been *named* in the bond; it was sufficient that *any* person subsequently furnished the contractors labor or materials to entitle him to the benefit of the covenant.   That the Granite Quarries Co. became one of such persons is alleged in the declaration and admitted by the demurrer.

The United States was a party to the contract and the obligee in the bond, and both instruments were evidently made in compliance with the Act.

The conclusion is unavoidable that the covenant is several. The language of the Act is: * * * "And any person or persons making application therefor and furnishing affidavit to the department under which the work is being or has been prosecuted, that labor or material for the prosecution of such work has been supplied by him or them and payment for the same has not been made, * * * shall have a right of action and shall be authorized to bring suit in the name of the United States for his or their use or benefit." The fact that a material man has brought a suit upon the bond in the name of the United States could not deprive a laborer of his right of action. Each person who supplied labor or material has a right of action independent of the rights of action of all other persons. While the Act makes the United States the party in legal interest, it is made such party for the benefit of the persons who have supplied labor or materials.

We need not inquire whether the United States has any interest in fact in the subject-matter of the contract, for the law is well settled that upon instruments under seal suit must be brought by the covenantee; and although the instrument may be expressed to be for the benefit of a third person, there is not sufficient privity in law between such third person and the covenantor to enable him to maintain an action. *Fairchild v. N. E. Mut. Life Asso.,* 51 Vt., 613, and cases cited in the opinion; therefore, if this action is maintainable, it is properly brought in the name of the United States as the covenantee in the bond. It is an elementary rule, that the legal interest in an independent contract under seal resides with him to whom it has been given, notwithstanding it is for another's benefit,

or to be performed to another person; and therefore, when an obligation is made for the use of B, it was held that B could not sue or release it.    Hammond on Parties, 14.

The defendant's contention is not maintainable, that the words in the bond: "And shall promptly make payment to all persons," etc., do not constitute a covenant; that they are inserted in the bond merely for the purpose of showing, in connection with the other conditions, the terms on which the obligors could discharge themselves from the obligation of the bond.    It was said in *Douglas* v. *Hennessy,* 10 Atl. 583, (R. I.) that although actions of covenant upon an ordinary bond with defeasance are not common, yet they are not without authority to support them; that the difficulty in such cases lies in finding a promise in the instrument.    In that case the covenant sued on was the promise to pay, contained in the words, "To which payment well and truly to be made I bind myself," etc., which were attached to the condition of defeasance; held, that the words sufficiently imported a promise to support the action.    See cases cited in that opinion.    But it is not necessary to go out of our own State for authority on this subject.    In *Marvin* v. *Bell,* 41 Vt. 607, it was decided that a condition in a bond not to do a certain act specified therein, was in legal effect and operation a stipulation not to do such act, and the doing of it is a breach of the condition. The condition in that case was not to engage in a certain kind of business in a certain town.

In the present case the words quoted are more than the recital of an agreement; they constitute in legal effect a stipulation to perform certain acts, and it is evident that the bond was required and given in view of the Act of Congress.    It must be considered that the parties intended that the bond be so construed as to carry out and effectuate the intent of

the Act in this respect, and that they understood that the covenant was several, in the sense that it was a promise to the United States to pay severally all persons in the two classes named in the Act.

The defendant further contends that state courts have not jurisdiction of a suit brought under the Act of Congress because it claims that the Act relates wholly to the *remedy* which must be controlled by the laws of the forum. It seems clear, however, that the Act gives to the two classes of persons mentioned only *rights* of action, leaving those persons to enforce their rights under the laws and practice of the states where the suits are brought.

A more serious question arises in attempting to enforce the rights thus conferred. It is alleged in substance in the declaration that Conners Bros. and the defendant jointly and severally covenanted, promised and agreed with the United States * * * that Conners Bros. should promptly make payment to all persons supplying Conners Bros. labor or material in the prosecution of the work contemplated by the contract.

We think that sections 1181 to 1187, V. S., do not furnish the sole remedy in actions upon bonds. Sec. 1185 reads: "In actions on bond, or for a penal sum for the non-performance of covenants or agreements contained in a condition, indenture, deed or writing, the plaintiff may assign as many breaches as he chooses; damages shall be assessed for such breaches as he proves, and judgment rendered for the whole penalty, and execution issue for so much only as is found in damages, with costs." The provisions of this section came into our laws by an Act passed in 1797, which is a reenactment of a part of 8 and 9 W. 3. c. 11. But the English statute further provides that the plaintiff shall have judgment for such

breaches as he then proves, and that in each case the judgment shall remain as a further security to answer to the plaintiff such damages as he may sustain by any further breach of covenant contained in the same indenture, deed or writing.

The purpose of the English statute was to relieve defendants from the payment of further sums than were in conscience due in actions of debt to recover the penalty. See *Gainford* v. *Griffith,* 1 Saund. 58, where it is said that the statute is confined to actions of debt.

The evident purpose of our statute is to relieve defendants in actions of debt on bonds from having to resort to a court of equity to reduce the sum recovered from the amount of the penalty of the bond to the amount of damages actually proved. The statute was so construed in *Williams* v. *Wilson,* 1 Vt. 266. In *Marvin* v. *Bell,* 41 Vt. 607, in an action of debt on a bond, it was held that the judgment should be for the full penalty of the bond and that execution should issue for so much only as had been found in damages, leaving the remainder, if any, as security for any injury that might result from further breaches, to be made available by way of *scire facias* on such judgment.

The plaintiff contends that its remedy is at common law and not under our statute. It does not contend that covenant and debt are not concurrent remedies upon bonds of this kind, but it insists that covenant is a proper remedy, and, for certain reasons the appropriate remedy.

The general rule is given in 1 Chit. Pl. 101, that covenant is a remedy calculated for the recovery of damages for the breach of a covenant or contract under seal, and that it appears in general to be a concurrent remedy with debt, for the recovery of any money demand where there is an express or implied contract contained in the deed; that covenant is in

many instances preferable to debt because in the latter action the plaintiff is limited to a recovery of the amount stated, while in covenant he is entitled to whatever damages he can prove. The rule is stated in *Stickney* v. *Sargent,* 21 N. H. 61, that covenant is a remedy recognized by law for the recovery of damages for the breach of a covenant or contract under seal.

Our statute is adapted to cases where there is only one obligee in the bond, who, upon a breach of the covenant therein, may sue and recover a judgment for the penalty, assigning as many breaches as he chooses. The judgment remains as security to him or his personal representatives for any other breaches for which he may have *scire facias* upon his judgment. The statute would also apply where there were two or more obligees having joint rights, but not to cases where rights are entirely independent of each other though conferred by the same legislative Act.

On the other hand, the defendant is liable in debt, under this statute, to only one judgment, which is for the penalty unless he applies for and is allowed a reduction of the damages. A judgment for the penalty would be a bar to other persons seeking to enforce other but independent rights, whether such judgment were for or against the plaintiff, for the term "his representatives" used in section 1187, can, by no rule of construction, be held to include other claimants for labor or material furnished.

As the rights of action acquired by the two classes of persons named in the Act are separate and distinct from each other, it follows that if there were no rights but the plaintiff's to be enforced, it might resort to our statute as a remedy; but as there may be other rights, they should not be imperiled by any judgment in this case. The statute should not be held

to afford a remedy to the exclusion of an action at common law.

A judgment for the plaintiff, upon this bond, in the common law action of covenant, would not be a bar to other actions that may be brought by the United States upon the same bond for the use and benefit of other material men or laborers who have not been paid in accordance with the covenant.

That this holding may induce a multitude of suits is not an argument against the plaintiff's right of recovery in its action of covenant, which, as has been shown, is an appropriate remedy.

The county court has inherent power to require that security be given for costs.

*Judgment affirmed and cause remanded.*

*Rowell,* C. J., concurs in the result.