THE UNITED STATES, TO THE USE OF SAYRE & FISHER COMPANY, v. RICHARD A. GRIEFEN AND THE UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND.

Argued June 4, 1903—Decided November 9, 1903.

A return upon a summons served upon a foreign insurance company under the provisions of section 59 of "An act to provide for the regulation and incorporation of insurance companies and to regulate the transaction of insurance business in this state," approved April 3d, 1902, that it was served upon the defendant at the state house, in the city of Trenton, N. J., in the office of the commissioner of banking and insurance, is not vitiated by the addition to the return that it was served as above stated by giving and delivering to the deputy commissioner of banking and insurance a true copy thereof.

On motion to set aside the service of summons.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the motion, *Alan H. Strong.*

*Contra, J. Kearny Rice.*

The opinion of the court was delivered by

GARRETSON, J.    This is a motion to set aside the summons served upon the defendant corporation under the provisions of the act entitled "An act to provide for the regulation and incorporation of insurance companies and to regulate the transaction of insurance business in this state," approved April 3d, 1902. *Pamph. L., p.* 407.

This is a foreign corporation which has complied with the provisions of that act. Among these provisions is the following: "No such company shall be so admitted [that is, to do business in this state] until

"*Third.* It shall by a duly executed instrument, filed in the

department of banking and insurance, constitute the commissioner of banking and insurance and his successors in office its true and lawful attorney upon whom all original process in any action or legal proceeding against it may be served, and therein shall agree that any original process against it, which may be served upon said commissioner, shall be of the same force and validity as if served upon the company, and that the authority thereof shall continue in force, irrevocable, so long as any liability of the company remains outstanding in this state; the service of such process shall be made by leaving a copy of the same in the office of the commissioner of banking and insurance with a service fee of two dollars to be taxed in the plaintiff's costs of suit, such service upon such commissioner shall be deemed sufficient service upon the company."

The corporate defendant filed such an instrument.

It is further provided in section 64 of the act: "When any original process is served upon the commissioner of banking and insurance as attorney for an insurance company of another state or foreign country under subdivision 3 of section 59 of this act and a service fee of two dollars paid to said officer, he shall forthwith notify the company of such service by letter, directed to its secretary, or, in the case of a company of a foreign country, to its resident manager, if any, in the United States; and shall, within two days after such service, forward in the same manner a copy of the process served on him to such secretary or manager or to such other person as may have been previously designated by the company by written notice filed in the department of banking and insurance. Said commissioner shall keep a record of all such process which shall bear the day and hour of service."

The right of the state to prescribe conditions under which foreign corporations may do business in this state cannot be doubted. *Lafayette Insurance Co.* v. *French,* 18 *How.* 404.

The return of the summons is as follows:

"Served within summons April 11th, A. D. 1903, upon the United States Fidelity and Guaranty Company by giv-

ing and delivering to Thomas K. Johnson, Deputy Commissioner of banking and insurance, a true copy thereof personally, said service being made at the state house in the city of Trenton, N. J., in the office of the commissioner of banking and insurance, and at the same time handing him two dollars service fee. Richard A. Griefen not found in my county."

This certainly is a return of the service of the summons "in the office of the commissioner of banking and insurance" in the words of section 59 of the act, and the part of the return that it was given and delivered to the deputy commissioner does not show otherwise.

The effect of the service upon the joint defendant is not now before this court.

The service upon the corporate defendant was in accordance with the law, and the motion to set aside the service of the summons is denied, with costs.