UNITED STATES OF AMERICA, TO THE USE OF SAYRE & FISHER COMPANY v. RICHARD A. GRIEFEN AND THE UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MD.

Submitted December 9, 1905—Decided February 28, 1906.

The second section of the act concerning obligations (*Gen. Stat., p.* 2336), so far as it authorizes the entry of judgment, and the issuing of execution against the one of two joint debtors—jointly sued—who has been served with original process, does not violate that clause of the fourteenth amendment to the federal constitution which prohibits a state from depriving any person of life, liberty or property without due process of law.

---

On demurrer to plea in abatement.

Before GUMMERE, CHIEF JUSTICE, and Justices HENDRICKSON and PITNEY.

For the plaintiff, *J. Kearny Rice.*

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This action is brought upon a bond made by the two defendants to the United States of America, by the terms of which they are jointly bound.  Summons was issued against both of the defendants, and returned served as to the United States Fidelity and Guaranty Company, and not found as to the defendant Griefen.

The plea demurred to is filed by the United States Fidelity and Guaranty Company, and avers that the defendant Griefen was not, at the time of the commencement of the action, or at any time since, a citizen or resident of the State of New Jersey, or in anywise subject to its laws or jurisdiction; that the only service of process in this action was by the sheriff of the county of Mercer, to whom the summons was directed, giving and delivering to one Johnston, deputy commissioner of banks and insurance, at the office of the commissioner of banks and insurance, at the state house, in Trenton, a true copy of said summons, personally, together with $2 for the service fee; that no writ or process to answer to the plaintiff has been at any time, or in any manner, served upon Griefen, or upon any person authorized to accept service for him; that he has not, either in person or by attorney, appeared in this case, and because the said Griefen is a non-resident of the state, and has not been served with process or appeared in the case, or in any manner been brought into court to answer to the plaintiff, the defendant the United States Fidelity and Guaranty Company prays judgment of the writ and declaration, and that the same be quashed.

The facts set out in this plea do not entitle the defendant to the judgment for which he prays.  It has already been held by this court, on a motion to set aside the service of the summons upon the Fidelity and Guaranty Company, that service upon the deputy commissioner was legal service upon that defendant.  *United States* v. *Griefen,* 41 *Vroom* 123. Nor is the fact that the defendant Griefen is a non-resident of the state, and has not been served with process, any bar to the action, as was pointed out in another opinion in this case delivered by this court upon a demurrer filed by the Fidelity

and Guaranty Company to the plaintiff's declaration. 43 *Id.* 1. When one of two joint debtors is properly brought into court, the plaintiff is entitled to proceed to judgment against both the joint debtors, by virtue of the provisions of section 2 of the act concerning obligations. *Gen. Stat., p.* 2336. That section also declares that if judgment shall pass for the plaintiff, he shall have his judgment and execution against such of the defendants as are brought into court, and also against the ·other joint debtor or debtors named in the process, in the same manner as if they had been all brought into court by virtue of the said process. So far as this latter provision authorizes the entering of judgment, and the suing out of execution against such of the joint debtors as have not been brought into court, it has, perhaps, been nullified by the fourteenth amendment of the federal constitution, which provides that no state shall deprive any person of life, liberty or property without due process of law, the effect of that provision being, as declared by the Supreme Court of the United States, in *Pennoyer* v. *Neff,* 95 *U. S.* 714, to render a personal judgment devoid of any validity, either within or without the territory of the state in which it is given, if rendered in an action upon a money demand against a non-resident who has not been legally brought into court, but so far as the statute authorizes the plaintiff to proceed to judgment against such of the joint debtors as have been legally .served with process, it still remains a valid enactment.

The plaintiff is entitled to judgment on the demurrer.