HENRY G. STRONG, Appellant, *v.* AMERICAN FENCE CONSTRUCTION COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, March 4, 1926.

Contracts — action to recover balance due under contract by which plaintiff performed labor and furnished materials in prosecution of defendant's contract with the United States government — plaintiff had contract with one of defendant's subcontractors — 28 U. S. Stat. at Large, 278, chap. 280, as amended, requiring contractors doing work for government to execute penal bond that persons supplying labor or materials shall be paid is applicable to subcontractors — error to dismiss plaintiff's complaint — fact that defendant failed to give bond to United States government does not destroy obligation to plaintiff.

The Federal statute (28 U. S. Stat. at Large, 278, chap. 280, as amd.) entitled "An act for the protection of persons furnishing material and labor for the construction of public works," and providing that any person entering into a formal contract with the United States for the construction of any public building shall execute " the usual penal bond * * * with the additional obligation " that such contractor shall promptly make payments to persons supplying labor or materials is applicable to persons supplying labor or materials to subcontractors and imposes an obligation upon the contractor apart from the furnishing of the bond; therefore, it was error to dismiss the plaintiff's complaint in an action to recover the balance due for labor performed and materials furnished under a contract with one of defendant's subcontractors in the prosecution of defendant's contract with the United States for certain work on one of its hospitals for veterans of the World War.

The fact that defendant did not furnish a bond as required by the statute for the payment of labor and materials does not destroy defendant's obligation to plaintiff.

CHURCHILL, J., dissents, with opinion.

APPEAL by plaintiff from an order granting the defendant's motion to dismiss the complaint and from the judgment entered thereon. The motion was made upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

*John C. Wait* [*Frederick W. Newton* of counsel], for the appellant.

*Cornelius C. Beekman* [*Samuel J. Rawak* of counsel], for the respondent.

BIJUR, J.   The defendant had made a contract with the United States government for certain work on one of the United States veterans' hospitals.   Plaintiff   performed   labor   and   furnished material in the prosecution of this work under a contract with one of defendant's subcontractors.

The learned justice below was of opinion that there was no privity of contract between the plaintiff and the United States and that he was not the " sole beneficiary under the contract " and that, therefore, the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) did not apply.

The act of Congress of August 13, 1894 (28 U. S. Stat. at Large, 278, chap. 280; as amd. by 33 id. 811, chap. 778) provides that any person entering into a formal contract with the United States for the construction of any public building shall execute " the usual penal bond   *   *   *   with the additional obligation " that such contractor shall promptly make payments to persons supplying labor or materials.   The act has been held to extend to persons supplying labor or materials to subcontractors.   (*Mankin* v. *U. S.,* 215 U. S. 533.)   I think it a quite permissible construction of   the   statute   that   it   imposes   the " obligation " upon the contractor quite apart from the giving of the bond, but if that interpretation be not acceptable, I am of opinion that the requirement that a bond be given imports a corresponding obligation on the part of the contractor.   The very notion of guaranty or suretyship involves the correlative presumption that there is an original obligation to which it is collateral. (28 C. J. 886–890 and cases there cited.)   This liability imposed, whether expressly or impliedly, by statute cannot, from its very nature, be waived or in any wise affected by failure, whether of the executive officers of the government or of the contractor, to make corresponding provision in the contract itself or to execute a bond as prescribed.

In passing, it may be remarked that the contract in the present case actually required the contractor to give a bond in the sum of $5,500.

The situation appears to me to be analogous to that where a bare contract of insurance is entered into, the court in such a case reading into the agreement all the terms provided by statute. (*Hicks* v. *British America Assurance Co.*, 162 N. Y. 284. See, also, *Steamship Co.* v. *Joliffe*, 2 Wall. 450.) Nor does the obligation imposed by statute require for its support the application of the doctrine of *Lawrence* v. *Fox* (*supra*).

The provisions of the statute prescribing the method of enforcing the rights of contractors against the bond, and the requirement that the suit shall be in equity, joining all creditors, is to my mind intended solely to refer to the creditors' resort *to a fund* represented by the bond. It has no application to a case like the one before us where the contractor undertakes to enforce merely the personal contractual obligation of the principal. It does not seem to me to be debatable that the defendant could not by failing to give a bond take advantage of his own default to destroy the obligation imposed by positive law.

Order and judgment reversed, with costs, and motion denied, with ten dollars costs.

LEVY, J., concurs; CHURCHILL, J., dissents in opinion.

CHURCHILL, J. (dissenting). Defendant moved for judgment on the pleadings, thus raising the question of the sufficiency of the complaint. Its motion was granted and plaintiff appeals from the resulting order and judgment. I state the material facts as they appear in the complaint and in the contract annexed thereto.

The defendant contracted with the United States to construct fences, gates, copings and retaining walls at one of the veterans' hospitals. The contract price of the work and materials was $27,095. The contract contained the following clause:

" Article 15. The contractor hereby agrees to furnish without cost to the United States of America, a satisfactory bond in the amount of Five thousand five hundred ($5,500) dollars; insuring the fulfillment of all conditions and stipulations of this contract, and covering all guarantees herein provided, and for the prompt payment to all persons or parties furnishing labor or materials required or used in the prosecution of the work; the said bond to be issued by a bonding or surety company approved by the Director."

Relying upon this provision of the contract, plaintiff performed labor and furnished material in the prosecution of the work, of the agreed and reasonable value of $5,803.38, of which only $4,064.04 has been paid, leaving a balance of $1,739.34 still due and unpaid. It does not appear from the complaint whether or

not a bond, in any form, was given by the defendant, but it does appear that the defendant failed and neglected to furnish a bond for the payment of laborers and materialmen as required by its contract with the United States. Plaintiff alleges that by reason of defendant's failure to furnish such a bond plaintiff has been damaged in the sum of $1,739.34, for which he demands judgment.

I now state the material provisions of the Federal statute mentioned in the prevailing opinion and entitled " An act for the protection of persons furnishing materials and labor for the construction of public works." (Act of August 13, 1894, chap. 280 [28 U. S. Stat. at Large, 278], as amd. by act of February 24, 1905, chap. 778 [33 U. S. Stat. at Large, 811]; U. S. Comp. Stat. § 6923.) By that act it is provided that any person entering into a formal contract with the United States for the prosecution of any public work shall be required, before commencing such work, to execute the usual penal bond, with sureties, with the additional obligation that the contractor shall promptly make payments to all persons supplying him or them with labor and materials. It is further provided that any person who has so furnished labor or materials shall have the right to intervene in any action instituted by the United States on the bond and to have his claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the United States. If the amount of the bond is not sufficient to pay the full amount of all claims, then, after the claims of the United States are paid in full, the remainder shall be distributed *pro rata* among the interveners. If the United States does not sue within six months from the completion of the contract, any unpaid laborer or materialman may bring suit on the bond, in the name of the United States but for his own benefit, in the Circuit Court of the United States in the district in which the contract was to be performed, and not elsewhere, irrespective of the amount in controversy. Where such a suit is brought by a creditor only one action shall be brought and any other creditor may file his claim and be made a party. If the recovery on the bond is inadequate to pay all creditors, judgment shall be given to each creditor *pro rata*. Personal notice of the pendency of the suit, and of their right to intervene, must be given to all known creditors.

Counsel for plaintiff, in his brief, says that plaintiff was a subcontractor under a subcontractor, and as such furnished labor and material on the work covered by defendant's contract. This explains the omission, in the complaint, of any allegation of contractual relationship between plaintiff and defendant. If, however, the provisions of the statute cited had any real application to the

case, plaintiff would be entitled to the benefit of its provisions. (*Mankin* v. *United States,* 215 U. S. 533.)

In the prevailing opinion plaintiff's right to recover is placed upon a liability said to be imposed by the statute itself. But in so holding we do not construe the statute. We make an entirely different one. The statute does not impose a liability upon the contractor to pay the claims of laborers and materialmen. It does not subject him to the hazard of claims unlimited either in number or in amount and it does not put him in peril of a multiplicity of actions brought by people whom he may never before have so much as heard of, much less contracted with. Our decision does all these things. The statute is entirely reasonable in its provisions. It provides that a bond shall be given by the contractor, but it does not fix its amount. That is left to be fixed by the executive department. Thus the extent of the contractor's obligation is to be known to him when he makes his contract and he can protect himself accordingly. In the present case, for example, the contract price of the work was more than $27,000, but the contractor was only required, and only agreed, to give a bond for $5,500. In short, the statute is not self-executing. It confers no right of action on any one unless and until a bond in a definite sum has been required and has been given. When that has been done the rights of all concerned are carefully prescribed and protected.

Although our decision is placed upon the supposed statutory liability, counsel for plaintiff argues the case as one resting upon the contract. He contends that the obligation to furnish a bond, expressed in the contract, was a promise made for his benefit and that he may, therefore, maintain an action upon it.

There are at least two answers to this contention:

*First.* It is not enough that plaintiff would have been benefited by performance of the promise. It must appear that his benefit was so far a primary object of the contract that the parties intended to give him the right to enforce it or to redress its breach. (*Fosmire* v. *National Surety Co.,* 229 N. Y. 44; *Eastern Steel Co.* v. *Globe Ind. Co.,* 227 id. 586; *Buffalo Cement Co.* v. *McNaughton,* 90 Hun, 74; affd., 156 N. Y. 702; *Pennsylvania Steel Co.* v. *N. Y. C. R. Co.,* 198 Fed. 721, 748.) No such purpose appears, or is inferable, from the terms of the contract. *Secondly.* This contract is not within any of the four classes defined in *Seaver* v. *Ransom* (224 N. Y. 233). It is claimed that it is within the third class there described as the public contract cases. But it has nothing in common with such cases except that the government is a party to it. Where the State, or municipality, contracts with an individual or a corporation

to supply its citizens with goods or with services at specified rates there is no difficulty in permitting any citizen to enforce the contract, obviously made for the benefit of all, or to recover damages for any failure of performance which results in injury to him. But the contract in the present case was to build fences, gates and walls of a hospital. There is no possible analogy between such a contract and the so-called public contract cases.

In my view of the case, no legal right of the plaintiff has been infringed. He says he relied upon defendant's promise to give a bond. But that promise was not made to him, and he may not maintain an action for its breach under the authorities already discussed. If he was not satisfied to rely on the responsibility of the subcontractor with whom he dealt, he should have inquired whether the defendant had given the bond which his promise to the government required. We may sympathize with plaintiff because of his loss and we may deprecate a lax and careless administration on the part of the Federal department which had charge of the business; but we may not properly grant a right to recover where the statute itself gives no remedy and plaintiff has no right of action on defendant's contract with the government.

The order and judgment should be affirmed, with costs.