HENRY G. STRONG, Respondent, *v.* AMERICAN FENCE CONSTRUCTION COMPANY, Appellant.

First Department, November 5, 1926.

Contracts — action for breach of statutory obligation by defendant to furnish bond — materials and labor were furnished by plaintiff to subcontractor of defendant — defendant had contract for construction work on Veterans' Hospital No. 81 — act of Congress (28 U. S. Stat. at Large, 278, chap. 280, as amd. by 33 id. 811, chap. 778) required contractor to give bond to protect United States and persons supplying labor and material — bond was not given — act of Congress provides that action on bond shall be brought in Federal courts in name of United States — contention by plaintiff that action based on alleged breach of statutory obligation need not be brought in Federal courts is not sustained — Federal courts alone have jurisdiction — plaintiff cannot maintain action in City Court of City of New York.

The defendant held a contract with the United States government to perform certain work about Veterans' Hospital No. 81, located at Kingsbridge road in the city of New York. Some of the materials and labor were furnished by the plaintiff to a subcontractor of defendant. The present action was brought in the City Court of the City of New York to recover damages, measured by the amount unpaid, for a breach by defendant of its statutory obligation to

give a bond to protect those supplying labor and materials. The City Court did not have jurisdiction of the action, since it appears that the Federal statute (28 U. S. Stat. at Large, 278, chap. 280, as amd. by 33 id. 811, chap. 778) provides that a contractor shall give a bond to protect persons supplying work, labor and materials, and that any action brought on the bond must be brought in the name of the United States in the Circuit [District] Court of the United States in the district in which the contract was to be performed and not elsewhere, and the plaintiff's contention that the statute does not apply to this action which he claims is an action against the defendant based on a breach of statutory duty and not on a bond, since no bond was given by the defendant, cannot be sustained.

APPEAL by the defendant, American Fence Construction Company, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 4th day of March, 1926, reversing an order and judgment of the City Court of the City of New York in favor of the defendant dismissing the complaint upon a motion for judgment on the pleadings upon the ground that the complaint fails to state facts sufficient to constitute a cause of action. (See 126 Misc. 690.)

*Samuel J. Rawak* of counsel [*Cornelius C. Beekman*, attorney], for the appellant.

*Frederick W. Newton* of counsel [*John C. Wait*, attorney], for the respondent.

MARTIN, J. The defendant entered into a contract with the United States government to perform work and furnish materials in and about the United States Veterans' Hospital No. 81, located at Kingsbridge road and Sedgwick avenue, borough of The Bronx, city of New York. Some of the materials and labor therefor were furnished by plaintiff. Under an act of Congress, approved August 13, 1894, as amended by an act of Congress, approved February 24, 1905, and known as the Federal Mechanics' Lien Acts (28 U. S. Stat. at Large, 278, chap. 280, as amd. by 33 id. 811, chap. 778), the defendant, as such contractor, was required to furnish a bond to protect persons supplying work, labor or materials in the prosecution of the work; and defendant's contract contained the following:

"Article 15. The contractor hereby agrees to furnish without cost to the United States of America, a satisfactory bond in the amount of Five Thousand Five Hundred ($5,500.00) Dollars; insuring the fulfillment of all conditions and stipulations of this contract, and covering all guarantees herein provided, and for the prompt payment to all persons or parties furnishing labor or materials required or used in the prosecution of the work; the said

bond to be issued by a Bonding or Surety Company approved by the Director."

The complaint shows that the plaintiff, relying upon the provision of the contract aforesaid, furnished labor and materials for which there remains due and unpaid the sum of $1,739.34; that the agreement, covenant and provision aforesaid was made for the benefit of the plaintiff, and that the defendant promised and agreed to furnish a good and sufficient surety bond, which bond, if furnished, would have secured to this claimant payment for said labor and materials; and that the defendant failed and neglected to furnish a bond to cover the plaintiff's claim.

The complaint was dismissed in the City Court upon the ground that there was no privity of contract between the parties. This it is unnecessary to consider now in our view of the case; but that it was erroneous is indicated by cases where bonds of the kind referred to were in suit, such as *Hill* v. *American Surety Co.* (200 U. S. 197) and *Mankin* v. *United States* (215 id. 533).

The disposition of the application made by the City Court was reversed in the Appellate Term by a divided court, the justices sitting having differed primarily on the right of plaintiff to bring an action for breach of the statutory obligation to furnish the bond. The prevailing opinion indicates that plaintiff's right to sue was sustained in direct reliance on the statute without any necessity for invoking the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268). The dissent went on the ground that plaintiff could not maintain an action on any theory. (126 Misc. 690.)

The statute, upon which plaintiff must rely, expressly gives a cause of action on the bond under certain conditions and within limitations therein expressed, and provides: " If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the Department under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court* of the United States in the district in which said contract was to be performed and executed, irre-

---

* This jurisdiction has been transferred to the District Courts.   (See United States Judicial Code [36 U. S. Stat. at Large, 1167], § 291.) — [REP.

spective of the amount in controversy in such suit, *and not else-where,* for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution \* \* \*."

In *People* v. *Metropolitan Surety Co.* (211 N. Y. 107), where the claim was based upon one of these bonds, the prevailing opinion states (pp. 114, 116): " His right of action against it through any form of legal proceeding was created by the bond and the statute, and must be enforced pursuant to the terms and conditions of the statute *and not otherwise.* (*Stitzer* v. *United States,* 182 Fed. Rep. 513; *United States* v. *Boomer,* 183 Fed. Rep. 726; *Baker Contract Co.* v. *United States,* 204 Fed. Rep. 390.) It was, however, a qualified and conditional, and not an absolute right or cause of action. An act of Congress, which at the same time and in itself authorizes or creates a new cause of action and prescribes the limitations thereof and of its enforcement, makes those limitations conditions of the liability itself. \* \* \* As we have already stated, the cause of action of the claimant here was given him by the statute and the means and manner of its enforcement as provided by the statute was an essential part of it. The statutory prescription of the remedy was likewise a prescription as to the liability of the surety company."

In the dissenting opinion it is said (pp. 120, 123): " The question whether the claim must first be adjudicated in a suit brought in the Circuit Court of the United States for the Southern District of New York requires a closer analysis of the statute. \* \* \* While the Supreme Court of this State has no jurisdiction to entertain a suit on a bond given pursuant to the Federal statute, it does have jurisdiction to determine the rights and obligations arising on such bond when incidentally brought in question in a suit of which it has jurisdiction, especially when it is necessary to determine those rights and obligations in order to distribute a fund in its custody."

The effect of this decision plaintiff would avoid, contending that he is suing not on a bond such as the statute requires, but on the statutory obligation and its violation by defendant's failure to give the bond. If it had been given, the remedy of the plaintiff would have been confined to his action in the local United States court, in accordance with the statute. It is now contended that, because the bond was not furnished, plaintiff was not confined to his action in that court, and could bring this action in the City Court of the City of New York.

According to the statute, the bond, had it been properly furnished, would have been for a limited amount, accordingly fixed

here by the contract at $5,500, and would have first afforded protection to the United States, the excess to be prorated among all others properly claiming under it.   The statute limited the right of action to enforcement in a particular court in order to avoid the confusion and difficulties which would otherwise arise.   The same considerations are just as potent if there is an action on the statutory obligation where the bond is not furnished.   The practical reasons for the limitations referred to are the same.

Furthermore, assuming that the doctrine which prevailed in *People* v. *Metropolitan Surety Co.* (*supra*) has been, in effect, limited in later cases, this was because the State court had taken control of the bondsman's affairs for the benefit of creditors, discountenancing actions in other courts.   Such a reason is not applicable in the present situation.

Assuming that plaintiff may sue directly on the statutory obligation, it is not logically to be extended and enlarged because the failure to furnish a proper bond has made it necessary to resort directly to the statute.

If plaintiff's contentions were sustained, defendant would be liable, in addition to its obligation to pay for what it had itself purchased, and, irrespective of what it had already paid, without any necessity for plaintiff's first showing whether the stated amount, $5,500, had already been paid to the government or whether there were other claimants.   The purpose of the limitations set forth in the statute is to avoid such a result.

In *United States* v. *Illinois Surety Co.* (253 Penn. St. 557; 98 Atl. 730) the chief judge of the Court of Common Pleas, writing for the court, said: " This act provides that subcontractors shall have a right of action upon a contractor's bond, ' and shall be, and are hereby authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, *and not elsewhere.*' "    And:

" If the act of Congress approved on that date, limits, in clear and unmistakable terms, to a particular court jurisdiction in an action on such a bond, it cannot be exercised by any other court under the Act of 1894, relied upon by the appellee.

" The purpose of the Act of 1905 is to provide for one suit upon a contractor's bond, in one jurisdiction, to the manifest advantage not only of the surety or sureties upon it, but of those to be protected by it; and if that purpose is to be given effect, a multiplicity of suits in various jurisdictions throughout the country will be wisely avoided.

" In the absence of the authority given by Congress to a sub-

contractor to bring an action on the contractor's bond, no such action could be brought.    The authority given to bring it is expressly limited by the Act of 1905.    *    *    *

" These words, ' and not elsewhere,' can have but one meaning, and that is, ' no other place,' ' in no other court.'    In thus conferring jurisdiction upon a particular court Congress clearly excluded that of any other forum.    The words, ' and not elsewhere,' do not mean merely, as learned counsel for appellee contend, that suit may not be brought in any other Federal court, leaving a subcontractor still at liberty to bring his suit in a State court. If such had been the intention of Congress, it could have readily so expressed itself by saying ' and in no other Circuit Court of the United States.'    But by the words, ' and not elsewhere,' every other forum than the one specifically named is clearly excluded. The act, read in its entirety, is in keeping with the intention clearly so expressed."

It seems logical and necessary, as a practical matter, to hold that not only is the right to sue upon the bond limited as to the court in which the action may be brought, but, where a proper bond has not been furnished and a claimant seeks the benefit of the statute, he must accept all its terms and comply with the statutory provisions by bringing his action in conformity therewith.    The act seeks, for practical reasons, to confine all claims within the jurisdiction of one court, wherein the matter may be practically handled, in view of the limited amount of liability and the preference in favor of the United States.    Thus, all parties including the contractor may be protected.    Whether the action is upon the statute and the bond or upon the statute alone is now immaterial, inasmuch as the right of action is coupled with the limitation as to amount and the requirements as to enforcement, which, as the Court of Appeals has indicated, the statute makes inherent in the right.

The determination should, therefore, be reversed and the judgment of the City Court affirmed, with costs to the appellant in this court and in the Appellate Term.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Determination of Appellate Term reversed and judgment of the City Court affirmed, with costs to the defendant, appellant, in this court and in the Appellate Term.